IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATASCHA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 2:23-cv-398-MHT-SMD |
| ) | |
| TRANSUNION LLC, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se plaintiff Natascha Martin ("Martin") filed a complaint (Doc. 1) alleging that Defendant Transunion LLC ("Transunion") violated her rights under the Consumer Credit Report Act by allowing another bank to access her credit report without her permission. Along with the complaint, Martin filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), which the undersigned granted, Order (Doc. 10). Because Martin is proceeding *in forma pauperis*, her complaint was before the Court for review under 28 U.S.C. § 1915(e).

Upon review of the complaint, the undersigned found that it failed to meet the federal pleading standards. Order (Doc. 11). As such, the undersigned identified the complaint's deficiencies and ordered Martin to amend by December 13, 2023. *Id*. The undersigned provided specific instructions as to filing the amended complaint and warned Martin that her failure to file an amended complaint could result in a recommendation that her case be dismissed. *Id*. The undersigned's deadline for amendment has passed, and Martin has not filed an amended complaint or otherwise indicated that she wishes to pursue this matter.

Federal Rule of Civil Procedure 41(b) allows dismissal of an action if the plaintiff fails to prosecute or to comply with procedural rules or an order of the court. FED. R. CIV. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). But dismissal with prejudice is a severe sanction that is appropriate only "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

Martin's failure to comply with the undersigned's order to file an amended complaint shows a lack of interest in prosecution of this matter. Because this case cannot proceed without Martin's participation, the undersigned finds that dismissal is appropriate. *See Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of plaintiff's action for failure to file amended complaint in compliance with court's order and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order is generally not an abuse of discretion when a litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a district court "possesses the inherent power to police its docket" and

that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED for Martin's failure to prosecute and abide by orders of the Court. It is further

ORDERED that Martin shall file any objections to this Recommendation **on or before January 16, 2024**. Martin must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Martin from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives Martin's right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 2nd day of January, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE